# IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF FLORIDA
## TALLAHASSEE DIVISION

JAMMIE GORDON,

      Plaintiff,

v.                                 Case No. 4:15cv405-MW/CAS

OFFICER MURPHY, et al.,

      Defendants.

_____/

## REPORT AND RECOMMENDATION

Plaintiff Jammie Gordon, an inmate proceeding pro se, initiated this case on August 11, 2015, by filing a civil rights complaint under 42 U.S.C. § 1983. ECF No. 1. On September 2, 2015, Plaintiff filed an amended complaint. ECF No. 4. After the close of extended discovery periods, *see* ECF Nos. 19, 29, 30, 40, and 49, Defendants Murphy, Chapman, and Gregg filed a summary judgment motion, ECF No. 51, with exhibits. The pro se Plaintiff filed his response, ECF No. 53. However, because that response was filed prior to entry of the Order advising Plaintiff of the requirements of Federal Rule of Civil Procedure 56 and Local Rule 56.1, and because it was not properly signed as required by Federal Rule of Civil Procedure 11 and Local Rule 5.1(E), Plaintiff was granted a 30-day

extension to file an amended response.  *See* ECF No. 57.  Plaintiff has not

filed an amended response.[1]

## ALLEGATIONS OF THE AMENDED COMPLAINT

Plaintiff alleges in his amended complaint that on August 15-16,

2013, at Taylor Correctional Institution, Defendants Chapman[2] and Murphy

used excessive force by punching, kicking, and spraying him with chemical

agents for the purpose of causing harm, and not to maintain or restore

discipline, in violation of the Eighth and Fourteenth Amendments.  Plaintiff

alleges that Defendant Gregg watched the excessive use of force take

place without attempting to prevent it, failing to protect him in violation of

---

[1] Although pro se Plaintiff's response was procedurally deficient for failing to include a signature in compliance with Federal Rule of Civil Procedure 11 and Local Rule 5.1(E), Plaintiff's response adopts by reference his amended, verified complaint.  Plaintiff does not make an express incorporation, but the direct references to his verified complaint as his first exhibit and nature of the material suggest that this pleading should be construed as to adopt the allegations of the complaint.  Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice."); Fed. R. Civ. P. 10(c) ("A statement in a pleading may be adopted by reference elsewhere in the same pleading or in any other pleading or motion."); Haines v. Kerner, 404 U.S. 519, 520 (1972) (pro se pleadings are to be broadly construed).  Additionally, the copy of his verified complaint is an exhibit in Plaintiff's response, and "an exhibit to a pleading is a part of the pleading for all purposes."  Fed. R. Civ. P. 10(c).  The verified complaint was affirmed under penalty of perjury.  ECF No. 4 at 9.

[2] Plaintiff brings an Eighth Amendment excessive force claim against Unidentified Correctional Officer No. 1, and brings an Eighth Amendment failure to protect claim against Unidentified Correctional Officer No. 2.  Plaintiff filed a motion requesting service be re-directed on newly identified defendants, identifying Unidentified No. 1 as David Chapman and Unidentified No. 2 as Brantly Gregg.  ECF No. 24.  The motion was granted.  ECF Nos. 26, 27.

the Eighth and Fourteenth Amendments.  Plaintiff also brings a First

Amendment retaliation claim, in addition to claims for obstruction of justice

and deliberate indifference to a serious medical need.  He seeks

compensatory and punitive damages against all Defendants, and a

Declaratory Judgment.  ECF No. 4 at 9.

## STANDARD GOVERNING MOTION FOR SUMMARY JUDGMENT

"The court shall grant summary judgment if the movant shows that

there is no genuine dispute as to any material fact and the movant is

entitled to judgment as a matter of law."  FED. R. CIV. P. 56(a).  Thus,

summary judgment is proper "after adequate time for discovery and upon

motion, against a party who fails to make a showing sufficient to

established the existence of an element essential to that party's case, and

on which that party will bear the burden of proof at trial."  Celotex Corp. v.

Catrett, 477 U.S. 317, 322 (1986); Turner v. Warden, GDCP, 650 F. App'x

695, 699 (11th Cir. 2016).  The "party seeking summary judgment always

bears the initial responsibility of informing the district court of the basis for

its motion, and identifying those portions of 'the pleadings, depositions,

answers to interrogatories, and admissions on file, together with the

affidavits, if any,' which it believes demonstrate the absence of a genuine

issue of material fact."  Celotex, 477 U.S. at 322-23.  This burden may be

discharged by showing to the district court that there is an "absence of evidence to support the nonmoving party's case." *Id*. at 325. If the moving party meets this burden, the nonmoving party must show that there is a "genuine issue for trial" through affidavits or "any of the kinds of evidentiary materials listed in Rule 56(c), except the mere pleadings themselves . . . ."[3] *Id*. at 324.

An issue of fact is "material" if it could affect the outcome of the case. Turner, 650 F. App'x at 699; Hickson Corp. v. N. Crossarm Co., 357 F.3d 1256, 1259 (11th Cir. 2004). "The mere existence of some factual dispute will not defeat summary judgment unless that factual dispute is material to an issue affecting the outcome of the case." McCormick v. City of Fort Lauderdale, 333 F.3d 1234, 1243 (11th Cir. 2003) (quoting Chapman v. AI Transp., 229 F.3d 1012, 1023 (11th Cir. 2000)).

---

[3] "A party asserting that a fact cannot be or is genuinely disputed must support the assertion by: (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." FED. R. CIV. P. 56(c)(1). The nonmoving party need not produce evidence in a form that would be admissible as Rule 56(e) permits opposition to a summary judgment motion by any of the kinds of evidentiary materials listed in Rule 56(c). Owen v. Willie, 117 F.3d 1235, 1236 (11th Cir. 1997).

A court must decide "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law."  Hickson, 357 F.3d at 1260 (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)).  At "the summary judgment stage the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial."  Anderson, 477 U.S at 249. There "is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party."  *Id*.  A "scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff. The judge's inquiry . . . asks whether reasonable jurors could find by a preponderance of the evidence that the plaintiff is entitled to a verdict . . . ." *Id*. at 252.

All "justifiable inferences" must be resolved in the nonmoving party's favor, Beard v. Banks, 548 U.S. 521, 529 (2006) (noting the distinction between "evidence of disputed facts and disputed maters of professional judgment" [4]), so long as there is a "genuine dispute as to those facts."

---

[4] Noting that deference must be given to the "professional judgment of prison administrators," the Court stated that "[u]nless a prisoner can point to sufficient evidence

Scott v. Harris, 550 U.S. 372, 380 (2007) (internal quotations omitted).

"Where the record taken as a whole could not lead a rational trier of fact to

find for the nonmoving party, there is no genuine issue for trial." Matushita

Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (internal

quotations omitted). "If reasonable minds could differ as to the import of

the evidence, however, a verdict should not be directed." Anderson, 477

U.S. at 250-51.

## **DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

Defendants present evidence showing that the use of force against

Plaintiff was in response to Plaintiff's aggressive behavior toward Officer

Chapman. Thus, Defendants request summary judgment be granted in

their favor. ECF No. 51 at 14-15.

Defendants Chapman, Gregg, and Murphy attach three declarations

to their motion. *See* ECF Nos. 51-2 (Ex. B) (Defendant Chapman), 51-3

(Ex. C) (Defendant Gregg), 51-4 (Ex. D) (Defendant Murphy).[5] Defendant

Chapman declares that Plaintiff was being escorted to confinement by

---

regarding such issues of judgment to allow him to prevail on the merits, he cannot prevail at the summary judgment stage." Beard, 548 U.S. at 530.

[5] Because the Plaintiff is pro se and does not have access to the Court's electronic docket (ECF), references provided are to both the electronic version of the document as filed on the docket, followed by the relevant page number, and the hard copy of the exhibit, which is referenced thereafter in parenthesis. If the exhibit has internal page numbers which are different than the electronic filing page numbers, those are provided.

himself and Defendant Gregg after Plaintiff's rule violation.  No. 51-2 at 1
(Ex. B).  Plaintiff broke free from Defendant Gregg's grasp and began
approaching Defendant Chapman in an aggressive manner.  *Id*.  Defendant
Chapman "dispersed chemical agent," striking Plaintiff "in the upper torso."
*Id*.  Plaintiff continued to refuse all orders to cease his actions, leading
Defendants Chapman and Gregg to use physical force to place Plaintiff on
the ground.  *Id*. at 1-2 (Ex. B).  Defendant Chapman denies that Plaintiff
was "tripped, punched, or hit prior to being taken to confinement" or "that
any other force was used against" Plaintiff.  *Id*. at 2 (Ex. B).  Afterward,
Plaintiff was given a "decontamination shower, a post use of force physical,
a clean change of clothing, and was placed in a secure cell where he was
monitored for signs of respiratory distress and no distress was observed."
*Id*.  This declaration was made under penalty of perjury.  *Id*.

Defendant Gregg's declaration describes the same version of events
as in Defendant Chapman's declaration.  ECF No. 51-3 at 1-2 (Ex. C).
Defendant Gregg denies that any other force was used against Plaintiff.  *Id*.
This declaration was made under penalty of perjury.  *Id*. at 2.  Defendant
Murphy's declaration describes the same events as in Defendant
Chapman's declaration and denies that any additional force was used

against Plaintiff.  ECF No. 51-4 at 1-2 (Ex. D).  This declaration was also made under penalty of perjury.  *Id*.

Other evidence demonstrates the same.  Defendant Chapman's use of force report states that Plaintiff "became disorderly and lunged towards me in an aggressive manner" prompting use of chemical agents.  ECF No. 51-5 at 1 (Ex. E).  Plaintiff was given two Disciplinary Reports, one for disorderly conduct and one for attempted battery on a correctional officer. The Disciplinary Hearing team found guilty of both charges based on Defendant Chapman's disciplinary report (same events).  ECF Nos. 51-8 at 1, 4 (Ex. H), 51-9 at 1, 5 (Ex. I).

The emergency room record completed after the use of force noted slight redness on Plaintiff's shoulders and upper arms.  ECF No. 51-6 at 1-2 (Ex. F).  Plaintiff's respiration was even and unlabored.  *Id*.  Plaintiff's eyes were reportedly burning due to the chemical agent.  *Id*.

## Plaintiff's Rule 56(e) Evidence

Plaintiff's response adopts his verified, amended complaint.  In his amended complaint, Plaintiff declares that Defendants were escorting him to the medical facility for pre-confinement evaluation when Defendants made menacing statements towards Plaintiff.  ECF No. 53 at 23 (Ex. A at

5).[6]  The Defendants began to snicker amongst each other and Plaintiff

asked "What's so funny?"  *Id*.  In response, Defendant Murphy replied,

"You['re] about to find out!"  *Id*.  Plaintiff alleges Defendant Chapman[7]

commented, "So you like to disrespect our women, I see," and "You know

what happens to [expletive] like you when our women are disrespected?"

*Id*.  The Defendants escorted Plaintiff to the medical facility, where Plaintiff

was medically cleared.  *Id*. at 23-24 (Ex. A at 5-6).

During the escort to confinement, Defendant Chapman tripped or

pushed Plaintiff into the grass outside of the medical building.  *Id.* at 24 (Ex.

A at 6).  Plaintiff states Defendant Chapman, not Gregg, had the custodial

grasp on him.  ECF No. 53 at 41 (Ex. C at 13).  Plaintiff maintains he never

"lunged" and that, "if [he] was pulling away, it was because of the way he

[Chapman] was trying to take me to the grass and trying to trip me.  I didn't

go down willingly at first."  *Id*.

Plaintiff's witness statement from the disciplinary hearing also

indicates that he was not "combative and belligerent [and was not] lunging

in handcuff[s]."  ECF No. 53 at 55 (Ex. G).  Plaintiff states that Defendant

---

[6] Exhibit A's printed numbering is inconsistent.  The physical page numbers are given.

[7] Throughout this Report and Recommendation, Plaintiff's references to Unidentified No. 1 in his amended complaint have been substituted with Defendant Chapman, and Plaintiff's references to Unidentified No. 2 have been substituted with Defendant Gregg. *See* ECF Nos. 24, 26, 27.

Chapman's description of events are "untrue statement[s]." *Id.* Plaintiff declares in another witness statement that Defendant Chapman made comments expressing that he was using force because of Plaintiff's earlier rule violation. ECF No. 53 at 57 (Ex. I).

Defendant Murphy then kicked Plaintiff in his right eye. ECF No. 53 at 24 (Ex. A at 6). Defendants Murphy and Chapman punched Plaintiff in the head and body repeatedly. *Id.* Defendant Chapman forced "Plaintiff's eyes open and sprayed him directly in the eyes" and did the "same to his nose." *Id.* Plaintiff reiterates in a witness statement that he was kicked in the eye, the head, and sprayed with chemical agents. ECF No. 53 at 57 (Ex. I). While Defendants Chapman and Murphy battered Plaintiff, other officers watched. ECF No. 53 at 41-42 (Ex. C at 35-36).

Plaintiff disputes that the spray hit him in the "upper torso" area as shown by Defendants' evidence, but maintains that it was "in the head." ECF No. 53 at 42 (Ex. C at 14). Plaintiff states that there is video evidence showing observable gas stains on his "upper shoulders" and "backside" because he was sprayed in the head area from behind. *Id.*

Afterward, Plaintiff was given a shower and evaluated by a nurse. ECF No. 53 at 25 (Ex. A at 7). He did not tell the nurse about the beating at that time because he feared retaliation. *Id.* An emergency room record from

that date, August 15, 2013, noted that Plaintiff was being evaluated for "post use of chemical force," that Plaintiff's upper shoulder and upper arms were red, respiration was "even and unlabored," and his eyes were burning due to the chemical agent.  ECF No. 53 at 60-61 (Ex. K at 1-2).  The discharge instructions to Plaintiff were to "flush [his] eyes in [his] cell" and "access sick call if needed."  *Id*.  The emergency room record noted Plaintiff "would not open [his eyes] for examination."  *Id*. at 2.  There is no indication whether the nurse attempted to flush his eyes.  Plaintiff states in his deposition that he could not open his eyes for evaluation at that time because of the pain.  ECF No. 53 at 36 (Ex. C at 8).

Plaintiff was then placed in confinement, and he washed the chemical agent out of his eyes.  ECF No. 53 at 25 (Ex. A at 7).  At that point Plaintiff realized he was still unable to see out of his right eye.  *Id*.  The statement by Ceasar Shack corroborates this by saying "[w]hen Jammie Gordon entered my cell that night his eye was swollen shut."  ECF No. 53 at 28 (Ex. B).  Plaintiff called to the nurse walking by his cell, and informed her that he had been kicked in the eye.  ECF No. 53 at 36-37 (Ex. C at 8-9).  The nurse gave Plaintiff a statement form, which he completed.  *Id*. at 37-38 (Ex. C at 9-10).  A captain and another correctional officer came to Plaintiff's cell and took the completed statement form from him.  *Id*. at 38

(Ex. C at 10).  Pictures were taken of Plaintiff's injuries through the cell window. [8]  *Id*. at 43 (Ex. C at 15).  Plaintiff submits the use of force report written by Defendant Chapman, dated August 15, 2013, acknowledging that "Inmate Gordon made allegations of excessive force and staff misconduct which are being addressed via mins."  ECF No. 53 at 59 (Ex. J at 2).

Plaintiff states in his deposition that for a week after the incident, his eye remained swollen, and "[t]hey wouldn't let me go to medical.  When the nurse came in, they put a flap over my door, and I couldn't even see the nurse."[9]  *Id*. at 46 (Ex. C at 18).  Plaintiff submitted a second emergency room record, dated September 5, 2013, which noted that "inmate alleges staff abuse – 'they kicked me in my left eye[10] and my ribs.' "  ECF No. 53 at

---

[8] Plaintiff states in his deposition that the pictures taken of his injuries, and the video showing the pictures being taken, are not available to him or were not preserved by the institution.  ECF No. 53 at 42-43, 46-49 (Ex. C at 14-15, 18-21).  Plaintiff states that he was provided with a copy of the institution video that "goes all the way into the point where [Plaintiff is] placed in a cell [and] then it stops" but does not capture the officers taking photos of his injuries.  *Id*. at 47-48 (Ex. C at 19-20).

[9] Plaintiff does not bring his Eighth Amendment deliberate indifference to serious medical need claim against any particular Defendant.  He does not state in his deposition who placed the flap over his door, and does not state that any particular Defendant did so.

[10] It is noted that while the medical report states Plaintiff was kicked in his left eye, Plaintiff's adopted complaint reflects he was kicked in his right eye.  ECF No. 53 at 24 (Ex. A at 6).

62 (Ex. L).  The emergency room report states "no obvious injury to left eye or ribs noted."  *Id*.

## ANALYSIS

## 1. Excessive Force Claim

The Eighth Amendment forbids cruel and unusual punishment. Farrow v. West, 320 F.3d 1235, 1242 (11th Cir. 2003).  A claim that prison officials used unnecessary and excessive physical force on a prisoner falls within the Cruel and Unusual Punishments Clause.  The core judicial inquiry for this claim is the standard set forth in Whitley v. Albers, 475 U.S. 312, 320-21 (1986): "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically for the purpose of causing harm."

There is a dispute between the parties as to whether the force used was lawful (to restore order) or malicious.  Defendants have provided evidence that shows Plaintiff was behaving in a noncompliant manner by breaking free of Defendant Gregg's grasp while being transported to confinement, and then aggressively approaching Defendant Chapman. Defendants show that the use of force was justified, not excessive, and not unlawful.

Plaintiff provided evidence that shows Defendants Chapman and Murphy's use of force was excessive, and was not to restore discipline but for the very purpose of causing harm.  Plaintiff shows Defendants made several statements prior to the use of force, supporting his contention that Defendants Chapman and Murphy's decision to use force was unrelated to Plaintiff's behavior.  Plaintiff denies that he behaved in a disorderly or aggressive manner.  Plaintiff says Defendant Chapman tripped or pushed him into the grass.  He says Defendants Chapman and Murphy punched and kicked him.  Plaintiff says Defendant Chapman sprayed chemical agents directly in his eyes and up his nose.

Defendants have not demonstrated an "absence of a genuine issue of material fact" as required for summary judgment.  Celotex, 477 U.S. at 323.  *See also* Turner, 650 F. App'x at 699.  Defendants' evidence does not conclusively refute Plaintiff's allegations; a "swearing contest" between "interested witnesses" is a conflict for the jury to resolve.  *See* Joassin v. Murphy, 661 F. App'x 558, 559-60 (11th Cir. 2016) (finding prisoner's sworn testimony creates a genuine issue of material fact, and that prisoner's testimony is not conclusively refuted by the testimony of interested prison officials who are Defendants or colleagues of Defendants).  These two differing version of events preclude summary

judgment on the Eighth Amendment excessive force claim against Defendants Chapman and Murphy.

Defendants contend that Plaintiff cannot support his claim of excessive use of force because he cannot demonstrate serious injury. ECF No. 51 at 11.  The Supreme Court has stated that "the use of excessive physical force against a prisoner may constitute cruel and unusual punishment [even] when the inmate does not suffer serious injury." Wilkins v. Gaddy, 559 U.S. 34, 34 (2010).  In doing so, the Court explicitly "rejected the notion that 'significant injury' is a threshold requirement for stating an excessive force claim."  *Id*. at 37.  The Court recognized that "[w]hen prison officials maliciously and sadistically use force to cause harm . . . contemporary standards of decency always are violated . . . whether or not significant injury is evident."  *Id*.  *See also* Joassin, 661 F. App'x at 560 (severity of Plaintiff's injuries is not the "core inquiry").  A serious injury is not a requirement, and this argument is rejected.

Plaintiff's lack of serious injury, however, affects his ability to recover damages.  This Court has previously held that *de minimis* injuries such as pain from burning eyes, skin, and temporary blindness are insufficient to avoid the § 1997(e) bar on compensatory or punitive damages.  Magwood v. Tucker, No. 3:12cv140-RV/CJK, 2012 WL 5944686, at *5 (N.D. Fla. Nov

14, 2012); Robinson v. Tifft, No. 3:11cv560-LAC/CJK, 2012 WL 2675467,

at *2 (N.D. Fla. June 1, 2012); Kornagay v. Burt, No. 3:09cv281-LAC/EMT,

2011 WL 839496 at *20 (N.D. Fla. Feb. 8, 2011); and Beecher v. Jones,

No. 3:08cv416-MCR/EMT, 2010 WL 5058555, at *5-6 (N.D. Fla. Oct. 29,

2010). *See also* Parker v. Dubose, No. 3:12cv204/MCR/CJK, 2013 WL

4735173, at *2 (N.D. Fla. Sept. 3, 2013) (finding Plaintiff's black eye,

bloody lip, scrapes, and abrasions are *de minimis* injuries). Because

Plaintiff has not demonstrated more than *de minimis* injuries which would

justify an award of punitive or compensatory damages, Plaintiff may only

potentially recover nominal damages as to this claim. Summary judgment

should be denied as to the Eighth Amendment excessive force claim

against Defendants Chapman and Murphy.

## 2. Failure to Protect Claim

A prison official's "deliberate indifference" to substantial risk of

serious harm to prisoners constitutes a violation of the Eighth Amendment.

Farmer v. Brennan, 511 U.S. 825, 828 (1994). "[A]n officer can be liable for

failing to intervene when another officer uses excessive force." Priester v.

City of Riviera Beach, 208 F.3d 919, 924 (11th Cir. 2000). *See* Dukes v.

Miami-Dade Cty., 232 F. App'x 907, 913 (11th Cir. 2007) ("[I]f a police

officer, whether supervisory or not, fails or refuses to intervene when a

constitutional violation such as an unprovoked beating takes place in his presence, the officer is directly liable under Section 1983.") (citing <u>Ensley v. Soper</u>, 142 F.3d 1402, 1407 (11th Cir. 1998)). The officer is only liable if the "officer was in a position to intervene." *Id*.; <u>Williams v. Scott</u>, 433 F. App'x 801, 805 (11th Cir. 2011) ("Prison correctional officers may be held directly liable under § 1983 if they fail or refuse to intervene when a constitutional violation occurs in their presence.") (citing <u>Ensley</u>, 142 F.3d at 1407).

Plaintiff's evidence shows other officers observed while Defendants Chapman and Murphy beat Plaintiff without the need to maintain or restore discipline, thus, failing to intervene in an unconstitutional use of excessive force. Among the officers who watched, Plaintiff only names Defendant Gregg.[11] ECF No. 53 at 27 (Ex. A at 9). Defendant Gregg's evidence shows that the use of force was in response to Plaintiff's aggressive behavior. As above, the material facts regarding the alleged underlying excessive use of force are contested, and thus, summary judgment should

---

[11] Plaintiff brought the Eighth Amendment failure to protect claim against Unidentified Correctional Officers No. 2 and No. 3. ECF No. 4 at 9. Plaintiff's motion requesting redirected service on newly identified Defendants only identified one of these two, naming Unidentified Officer No. 2 as "Brantly Gregg." ECF No. 24.

be denied as to the Eighth Amendment failure to protect claim against Defendant Gregg.

### 3. First Amendment Retaliation Claim

Plaintiff's response admits he misunderstood the nature of a First Amendment retaliation claim and "concedes he cannot demonstrate that he was engaged in protected speech or that any action taken on behalf of Defendants was the result of [P]laintiff engaging in the protected speech." ECF No. 53 at 10-11.  As such, summary judgment should be granted as to this claim.

### 4. "Obstruction of Justice" Claim

Plaintiff brings what can best be described as an amorphous § 1983 claim.  Plaintiff claims "obstruction of justice" in violation of the First and Fourteenth Amendments, Florida Administrative Code Rule 33-601.301, and the correctional officer code of conduct.  ECF No. 4 at 7.  To prevail on a § 1983 claim, a plaintiff must show that: "(1) that the defendant deprived [him] of a right secured under the Constitution or federal law and (2) that such a deprivation occurred under color of state law."  Smith v. Deemer, 641 F. App'x 865, 866 (11th Cir. 2016) (citing Bingham v. Thomas, 654 F.3d 1171, 1175 (11th Cir. 2011)).  Neither the Florida Administrative Code nor the correctional officer code of conduct provides federal rights; there is

no federal right to have correctional officers follow a state administrative code or a code of ethics.  Violations of these provisions are not cognizable § 1983 claims.  "Section 1983 does not create a remedy for every wrong committed under the color of state law, but only for those that deprive a plaintiff of a federal right."  Knight v. Jacobson, 300 F.3d 1272, 1276 (11th Cir. 2002).  Summary judgment should be granted as to this claim.

## 5. Deliberate Indifference to Serious Medical Need Claim

Plaintiff brings a deliberate indifference to serious medical need claim, without specifying which Defendants he brings the claim against. ECF No. 4 at 9.  Plaintiff states "he had been refused medical treatment" during the time period after being returned to confinement (after his initial evaluation).  ECF No. 53 at 25-26 (Ex. A at 7-8).

The Supreme Court has held that "deliberate indifference" to a prisoner's serious medical need violates the Eighth Amendment's prohibition of cruel and unusual punishment.  Estelle v. Gamble, 429 U.S. 97, 104 (1976).  In order to state a claim, a prisoner must allege "acts or omissions sufficiently harmful" to evidence "deliberate indifference."  *Id*. at 105-06.  Deliberate indifference is not negligence, but is the culpable state of mind to unnecessarily and wantonly inflict pain or harm to a prisoner by

depriving him of a basic human need.  Wilson v. Seiter, 501 U.S. 294, 297,

304-08 (1991).

To establish deliberate indifference, Plaintiff must show that the

Defendants had "(1) subjective knowledge of a risk of serious harm; (2)

disregard of that risk; (3) by conduct that is more than gross negligence."

Wright v. Langford, 562 F. App'x 769, 778 (11th Cir. 2014) (citing Burnette

v. Taylor, 533 F.3d 1325, 1330 (11th Cir. 2008)).  Plaintiff must show that

he had "(1) an objectively serious medical need that . . . that, if left

unattended, pose[d] a substantial risk of serious harm," and that (2) prison

response to this need was "poor enough to constitute an unnecessary and

wanton infliction of pain, and not merely accidental inadequacy, negligence

in diagnosis or treatment, or even medical malpractice actionable under

state law."  Dennis v. Warden, Ware State Prison, 648 F. App'x 918, 920

(11th Cir. 2016) (citing Taylor v. Adams, 221 F.3d 1254, 1258 (11th Cir.

2000)).  An objectively serious medical need is "one that is diagnosed by a

physician as requiring treatment or one that is so obvious that a lay person

would recognize the need for medical treatment."  Wright, 562 F. App'x at

778.

The evidence shows that Plaintiff's eye was painful and swollen for

only six or seven days.  In his deposition Plaintiff states his eye was

"swollen at least a week" and "black for a couple weeks after that." ECF No. 53 at 46 (Ex. C at 18). Plaintiff's black eye, whether stemming from the use of chemical agents or the kick, was not an injury that posed a substantial risk of serious harm when left unattended. A black eye does not require treatment by a physician and would not be recognized by a lay person as requiring medical attention. Because Plaintiff has not demonstrated he had an "objectively serious medical need," summary judgment should be granted as to this claim.

### 6. Emotional Harm Claim

Plaintiff claims mental or emotional injury in violation of the Eighth and Fourteenth Amendment. ECF No. 4 at 7. "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act (as defined in section 2246 of title 18)." 42 U.S.C. § 1997(e). "[T]o avoid dismissal under § 1997(e), a prisoner's claims for emotional or mental injury must be accompanied by allegations of physical injuries that are greater than *de minimis*." Mitchell v. Brown & Williamson Tobacco Corp., 294 F.3d 1309, 1312-13 (11th Cir. 2002). The evidence shows that Plaintiff's injuries included burning in his eyes, temporary blindness, and

swelling and discoloration to one eye.  Because Plaintiff has not

demonstrated more than *de minimis* injuries, summary judgment should be

granted as to this claim.

## QUALIFIED IMMUNITY

Defendants Chapman, Murphy, and Gregg raise qualified immunity

as a defense in their motion for summary judgment.  ECF No. 51 at 22.

Qualified immunity shields government officials sued in their individual

capacities from liability against a plaintiff's § 1983 claims if their conduct did

not "violate clearly established statutory or constitutional rights of which a

reasonable person would have known."  Grider v. City of Auburn, 618 F.3d

1240, 1254 (11th Cir. 2010) (quoted in McNeeley v. Wilson, 649 F. App'x

717, 720-21 (11th Cir. 2016)).  The initial inquiry is whether the public

official proves 'that he was acting within the scope of his discretionary

authority when the allegedly wrongful acts occurred."  McNeely, 649 F.

App'x at 721.  The next step is to determine: (1) "whether the plaintiff's

allegations, if true, establish a constitutional violation" and (2) "whether the

right violated was 'clearly established.' "  *Id*.  Here, the facts as alleged by

Plaintiff, viewed in the light most favorable to Plaintiff, show a constitutional

violation—that officers used excessive force to cause harm to Plaintiff, and

not to maintain order or discipline in violation of the Eighth Amendment.

The law was clearly established prior to this incident that excessive force which is carried out "maliciously and sadistically rather than as part of a good-faith effort to maintain or restore discipline" is a violation of the Eighth Amendment.  *E.g.*, <u>Wilkins</u>, 559 U.S. at 40; <u>Whitley v. Albers</u>, 475 U.S. 312, 320-21 (1986); <u>Hudson v. McMillian</u>, 503 U.S. 1, 6-7 (1992).  Defendants are not entitled to qualified immunity.

## **<u>RECOMMENDATION</u>**

It is respectfully **RECOMMENDED** that the motion for summary judgment filed by Defendants Murphy, Chapman, and Gregg, ECF No. 51, be **GRANTED in part** and **DENIED in part**. The motion should be denied as to the Eighth Amendment claim for excessive use of force against Defendants Chapman and Murphy, denied as to the Eighth Amendment claim for failure to protect against Defendant Gregg, and denied as to Defendants' qualified immunity defense, but granted in respect to all other claims.  Plaintiff's request for punitive and compensatory damages, ECF

No. 4 at 9, should be **DISMISSED** pursuant to 42 U.S.C. § 1997e(e).

Additionally, this case should be **REMANDED** for further proceedings prior to setting it for trial.

**IN CHAMBERS** at Tallahassee, Florida, on November 15, 2017.

S/ Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a Report and Recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. See 11th Cir. R. 3-1; 28 U.S.C. § 636.